IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division


UNITED STATES OF AMERICA

v.                                                                    CR # 26-CR-35

OSCAR RAQUEL CUELLAR MACUA


DEFENDANT'S MOTION TO SUPRESS &
INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, by counsel, and moves to suppress expected Government evidence in the above cause.  As grounds for this Motion the Defendant states as follows.

BACKGROUND

On or about January 22, 2026 the Defendant was charged by Criminal Complaint alleging violations of 21 U.S.C. §§ 846 and 841(a)(1).  Subsequently, the Defendant, hereinafter Cuellar, was indicted on or about February 18, 2026 for the same alleged violations, i.e., cocaine distribution.  As part of discovery produced to the defense the Government provided a video of a statement taken by the FBI from Mr. Cuellar on or about January 22, 2026 following arrest at what appears to be the offices of law enforcement.  We submit that the statement of Mr. Cuellar taken by the FBI was unlawful and that the statement, and all evidence derived from that statement, should be suppressed.

FACTS

On or about January 22, 2026 the FBI took a statement from Mr. Cuellar following his arrest.  Videos were made of the statement, approximately 90 minutes in length.  Mr. Cuellar is from El Salvador being born on May 11, 1977.  He is 49 years old.  He is not

1

fluent in English.  The FBI used an interpreter to assist in their interrogation of Mr. Cuellar.  The FBI did not obtain a written Miranda waiver.  Two FBI agents were in the room and both participated in the interrogation.  The interpreter read Miranda warnings in Spanish to Mr. Cuellar.  Subsequently, the FBI immediately began to question Mr. Cuellar about the substance of the alleged crime.  The statement taken by the FBI was unlawful.  In that regard there was no effort to determine if Mr. Cuellar understood the Miranda warnings and was willing to waive his rights.  Moreover, not until late in the interrogation did the FBI inform Mr. Cuellar of the specific charges supporting his arrest.

ARGUMENT

The statement made by Mr. Cuellar to the FBI, along with any derivative evidence, should be suppressed.  This statement is grounded upon *Miranda v. Arizona*, 384 U.S. 436 (1966).  Supreme Court precedent makes clear that there are "two distinct dimensions" to determining whether a defendant validly waived his *Miranda* rights: "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Moran v. Burbine* , 475 U.S. 412, 421 (1986). Second, it is also clear that "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.*  A waiver of *Miranda* rights is valid "[o]nly if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension." *Id.*  As to waiver, a waiver is knowing and intelligent if it was "made with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *United States v. Cristobal*, 293 F.3d 134, 140 - 142 (4th Cir. 2002). Whether Mr. Cuellar knowingly and voluntarily waived his rights depends on the totality of the circumstances surrounding the waiver. *Id.* at 142. Relevant circumstances include defendant's "intelligence and education, age and

2

familiarity with the criminal justice system, and the proximity of the waiver to the giving of *Miranda* warnings." *Correll v. Thompson* , 63 F.3d 1279, 1288 (4th Cir. 1995).[1]

We submit that the waiver of Miranda warnings was neither voluntary nor knowing and intelligently made in light of the conduct of the interpreter and the two FBI agents in the room.  No written Miranda waiver occurred.  Moreover, the interpreter did not make an inquiry of Mr. Cuellar to determine whether he understood his rights and wished to proceed with the interrogation.  Further, before the Miranda warnings were read to Mr. Cueller, the FBI did not reveal to Mr. Cuellar the charges for which he was being detained.  Finally, a review of the videos establish that the two FBI agents quickly followed the interpreter's delivery of the Miranda warnings with questions, not allowing Mr. Cuellar time to make an informed decision whether to proceed with the interrogation.  In sum, the waiver was neither voluntary nor made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

CONCLUSION

In light of the behavior of the interpreter and the FBI, this Court should suppress the statements made by Mr. Cuellar, to include all derivative evidence connected to those statements.

Oscar Raquel Cuellar Macua
by counsel

---

[1] The Government is likely to rely upon *North Carolina v. Butler*, 441 U.S. 369, 373 (1979) and *Berghuis v. Thompkins*, 560 U.S. 370 (2010) to suggest that a *Miranda* waiver occurred.  We submit that neither case relieves the Government of its heavy burden to prove that a waiver was voluntary, and was knowingly and intelligently made.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon Avenue, #221
Springfield, Virginia 22150-2640
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 7th day of March, 2026, which will send a notification of such filing (NEF) to the following:  to Nicholas J. Patterson, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and all counsel of record.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon Avenue, #221
Springfield, Virginia 22150-2640
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

4