IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.                                                    Case # 1:26-CR-35

OSCAR RAQUEL CUELLAR MACUA

## MOTION FOR SEVERANCE & MEMORANDUM OF LAW

Comes Now the Defendant, by counsel, and pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure moves this Court to order a severance in this cause. As grounds for this Motion the Defendant states as follows.

### Background

The Defendant was charged by Criminal Complaint and then Indictment for participating in a cocaine conspiracy, 21 U.S.C. §§ 846 and 841(a)(1). As part of the Indictment the Defendant was joined with six other defendants. Three of the co-defendants have been charged with firearm offenses involving over 40 weapons. Some of those weapons are AK-47's, an AR-15 rifle, numerous handguns, spread over 14 firearm transactions (see Indictment pages 4 – 11). None of these transactions involved Mr. Cuellar.

### Issues

1. As to the Indictment (Doc. #26), did a misjoinder occur as to Mr. Cuellar and what are the consequences of a misjoinder?

2. If this Court finds that a misjoinder did not occur should the Court act pursuant to Rule 14(a) and sever Mr. Cuellar's case so that he may receive a fair trial?

Argument

1. Pursuant to Rule 8(b) of the Federal Rules of Criminal Procedure, Mr. Cuellar is entitled to a severance from his co-defendants as a matter of law. Federal Rule 8(b) states as follows:

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The Fourth Circuit has made clear that there must be a connection between defendants and the charged offenses before joinder is proper. For example, in *U.S. v. Chinchic*, 655 F.2d 547, 550 (4th Cir. 1981) the Court stated:

Rule 8(b) provides the sole mechanism for joining criminal defendants for trial and by its terms allows joinder only when the crimes with which the defendants are charged are in some manner connected. The Fourth Circuit has recognized this limitation on joinder: in Ingram v. United States, 272 F.2d 567, 569 (1959), for example, the court noted that the rule provides that two or more defendants may be jointly charged if they are alleged to have participated in the same act or transaction. The necessary inference from this is that they may not be jointly indicted or tried in the absence of a common act or transaction.... (T)he joinder of defendants and offenses totally unconnected is prohibited by Rule 8(b). This is not a matter of discretion; both the statutory language and decided cases make this clear. (Emphasis added).

See in accord *U.S. v. Kaplan*, 588 F.2d 71, 73 – 74 (4th Cir. 1978). See also *U.S. v. Hatcher*, 680 F.2d 438 (6th Cir. 1982) in which the Sixth Circuit reversed a conviction based upon misjoinder. In *Hatcher*, defendants Hatcher and Manetas were indicted and jointly tried for federal narcotic crimes. Both Hatcher and Manetas were charged with three counts relating to possession and distribution of heroin while Hatcher alone was charged with three counts relating to possession and distribution of cocaine. The *Hatcher* Court held that the fact that all counts against both defendants were based on possession and distribution of narcotics was not sufficient to justify joinder, even though the evidence showed that Manetas was Hatcher's source of heroin. The Court found reversible error

under Rule 8(b) at page 441 because "the indictment on its face alleged no connection between Manetas and the cocaine related charges against Hatcher. Neither does the record reveal any evidence of such connection."

The Fourth Circuit explained the reason behind Rule 8(b) in *Ingram v. U.S.*, 272 F.2d 567, 570 – 571 (4th Cir 1959):

The error here was no mere technicality. The rule against jointly indicting and trying different defendants for unconnected offenses is a long-established procedural safeguard. Its purpose is to prohibit exactly what was done here, namely, allowing evidence in a case against one defendant to be presented in the case against another charged with a completely disassociated offense, with the danger that the jury might feel that the evidence against the one supported the charge against the other. It is not "harmless error" to violate a fundamental procedural rule designed to prevent "mass trials."

Highly instructive on Rule 8(b) is Judge Sonia Sotomayor's decision in *U.S. v. Lech*, 161 F.R.D. 255 (S.D.N.Y. 1995) in which the Court held that the joinder of three similar bribery conspiracy charges was improper, notwithstanding the presence of a common defendant and similar objects. In her holding Judge Sotomayor states at pages 257 - 258:

Lech had very little, if any, knowledge of the other schemes, and did not participate in them . . . In essence, the Government asks me to find a common thread by imparting Russo's and Fulton's prior dealings with BOE to Lech. Standing alone, this allegation is insufficient to support Lech's joinder.

In the instant case Mr. Cuellar is not alleged to have participated in any of the firearm offenses.[1] At trial Mr. Cuellar will be subjected to the danger described in *Ingram, supra*, and this Court should sever Mr. Cuellar's case under Rule 8(b).

2. In the event this Court believes that joinder was proper, we ask this Court to exercise its authority under Rule 14(a) of the Federal Rules of Criminal Procedure and to sever Mr. Cuellar's case so that he might receive a fair trial. This request is grounded upon *Zafiro v.*

---

[1] Knowledge is an indicator of whether or not there is a common scheme or purpose supporting joinder under Rule 8(b), see *U.S. v. Ohle*, 678 F.Supp.2d 215, 225 (S.D.N.Y. 2010).

*U.S.*, 506 U.S. 534 (1993) and *U.S. v. McRae*, 702 F.3d 806 (5th Cir. 2012). *Zafiro* charges the District Judge with policing properly joined offenses and defendants at page 539 so as to allow the jury to fairly determine the validity of the allegations made by the Government:

> We believe that, when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.

Normally, a District Judge's decision on severance is difficult to overturn (e.g., *U. S. v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) and *U.S. v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008). However, the Fourth Circuit has clearly stated that such a possibility exists but that such relief is only available to a defendant who makes "a strong showing of prejudice" (see *U.S. v. Allen*, 491 F.3d 178, 189 (4th Cir. 2007), *U.S. v. Mandel*, 591 F.2d 1347, 1371 (4th Cir. 1979), and *U.S. v. Foutz*, 540 F.2d 733 (4th Cir. 1976). Noteworthy is that in *Foutz* the Court found that limiting instructions were insufficient to cure the prejudice suffered by the defendants. The Fifth Circuit's position on severance is highly consistent with the Fourth Circuit's both in regard to the hurdles necessary to justify severance and whether limiting instructions are sufficient to cure prejudice, see *U.S. v. McRae*, 702 F.3d 806, 822 - 823 (5th Cir. 2012). Importantly, the Fifth Circuit indicated that there must be a clear showing of prejudice to support severance (*McRae, supra*, at 823). In that regard we note the similarity between the instant case and *McRae* on the issue of severance and hope to

4

persuade this Court that severance is appropriate for Mr. Cuellar as in *McRae*.

Noteworthy in *McRae* is the Court's assessment of the evidence at pp. 822 – 827:

Our case law does not reflect a liberal attitude toward severance: We will not reverse a conviction based upon denial of a motion to sever unless the defendant can demonstrate compelling prejudice against which the trial court was unable to afford protection, and that he was unable to obtain a fair trial.' ‖ *Whitfield*, 590 F.3d at 356 (quoting *United States v. Massey*, 827 F.2d 995, 1004 (5th Cir.1987))

   *   *   *   *   *   *   *   *   *   *   *

We really do not view this question as close in view of how the trial of this case unfolded . . . In sum, although the mere presence of a spillover effect does not ordinarily warrant severance, United States v. McCord, 33 F.3d 1434, 1452 (5th Cir.1994) (quoting Faulkner, 17 F.3d at 759), in these circumstances, we must conclude that Warren has cited specific and compelling instances of prejudice that resulted from joinder at trial with his co-defendants.

   *   *   *   *   *   *   *   *   *   *   *

The most compelling prejudice, in our mind, resulted from the evidence, testimony, and photographs presented in connection with the government's case against McRae for the burning of Glover's body, all of which had an effect of associating Warren with the burning of Glover's body and subsequent cover-up. Especially troubling were the photographs of Glover's remains after they had been burned and the emotional testimony of Glover's family. Some of the evidence and testimony would have been inadmissible against Warren had he been tried alone, and we are convinced that the severely emotional nature of the testimony and photographs prejudiced Warren.

   *   *   *   *   *   *   *   *   *   *   *

Here, however, we are unconvinced that limiting instructions did, or could have cured the prejudice of the spillover effect from the government's case against McCabe for the alleged cover-up or the voluminous testimony, and evidence the government presented in connection with McRae's burning of Glover's body.

Therefore, to establish prejudice likely to be suffered by Mr. Cuellar in regard to Rules 8(b) and 14(a) we cite to the list of weapons in the Indictment on pages 4 – 11.

## Conclusion

Mr. Cuellar will be harmed by misjoinder and highly inflammatory evidence offered by the Government at trial related to his co-defendants. In this pleading the undersigned cited the *McRae* case in which the Fifth Circuit reversed the trial court for its failure to

5

grant severance under Rule 14. In that regard it is important for this Court to know the end of the story, namely, that Officer David Warren was acquitted in the retrial, see https://www.pbs.org/wgbh/frontline/article/former-nopd-officer-acquitted-in-post-katrina-police-shooting/. In other words, the absence of unrelated crimes made a difference. Accordingly, we ask this Court for a severance.

Oscar Raquel Cuellar Macua
by counsel

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon Avenue, #221
Springfield, Virginia 22150
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 7th day of March, 2026, which will send a notification of such filing (NEF) to the following: to Nicholas J. Patterson, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and all counsel of record.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon Avenue, #221
Springfield, Virginia 22150
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

6