IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division


UNITED STATES OF AMERICA

v.                                                    CR # 26-CR-35

OSCAR RAQUEL CUELLAR MACUA


MOTION TO TRANSFER VENUE & INCORPORATED
MEMORANDUM OF LAW

COMES NOW the Defendant, Oscar Cuellar, by counsel, and moves this Court pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure to transfer his case to the District of Washington, D.C.  In support of this Motion the Defendant states as follows.

Background

Mr. Cuellar has been charged with one count of conspiring to distribute a controlled substance, cocaine (Count two of Indictment, Doc. #26).  Trial is set for August 24, 2026.  Mr. Cuellar has been joined with six other defendants three of whom have been charged with firearm offenses.  To obtain venue in the Eastern District of Virginia the Government alleges in Count Two of the Indictment that the conspiracy occurred "within the Eastern District of Virginia and elsewhere".   The "elsewhere" the Government is referring to is Washington, D.C. (Affidavit in Support of Criminal Complaint, ¶¶ 18, 19, 24 - 28, 35 - 41).  Mr. Cuellar is being housed a the Alexandria Jail, but previously lived in Arlington for approximately six years.  The focus of the alleged drug conspiracy was in Washington, D.C.

1

Argument

Mr. Cuellar's case should be moved to the District of Washington, D.C.  In support of this conclusion we rely upon Federal Rule of Criminal Procedure 21(b), *U.S. v. Ferguson*, 432 F.Supp.2d 559 (E.D. Va. 2006) and *U.S. v. James Ruffin*, et al, CR #92-39, Judge Bryan (E.D. Va. 1992)[1].

Rule 21(b) of the Federal Rules of Criminal Procedure states:

(b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

In *Ferguson* Judge Lee used a balancing test of several factors before deciding to transfer venue in a securities fraud case brought by the Government.  Those factors, applicable to the instant case and supporting transfer, are:

(1) Location of witnesses.   Witnesses appear to be located in or around Washington, D.C.;

(2) Location of events likely to be in issue.  Based upon review of the Criminal Complaint, all of the relevant events occurred in Washington, D.C. In that regard see Criminal Complaint Affidavit, ¶¶ 17 - 21, 23 - 28, 35.  That is, the Affidavit recites three alleged cocaine transactions each occurring in Washington, D.C.;

(3) Location of documents and records.   Admittedly, the Government has amassed records concerning the case here in the Eastern District of Virginia.  However, there is no burden to the Government in moving those records to Washington, D.C. for the prosecution of Mr. Cuellar.

We also wish to call this Court's attention to Judge Bryan's courageous decision in *U.S. v. James Ruffin, et al.*, CR #92-39, otherwise known to the local bar as the P Street case.  P Street involved ten defendants almost all of whom resided in Washington, D.C. In *Ruffin*, the defense conceded that venue technically was proper in the Alexandria, as in the instant case.   Nevertheless, at the request of the defendants pursuant to Rule 21(b), Judge Bryan transferred venue to Washington, D.C. noting that the focal point of

---

[1] See also *U.S. v. Massoro*, 1:12-cr-148-LMB (E.D. Va. 2012).

the alleged criminal behavior occurred on or about P Street in Washington, D.C. despite the <u>many</u> Virginia contacts alleged by the Government in the Indictment.[2]    The Government is likely to cite costs, burden, etc. in having to try Mr. Cuellar's case in Washington and will also likely cite the federal preference for joint trials as a basis to deny this motion.  We recognize the cost issue as well as the federal preference for joint trials.  Nevertheless, these issues are secondary to the fair administration of justice.

The effect of a broad reading of Rule 8 and a narrow reading of Rule 14 has created a strong presumption that a single indictment will result in a single trial.  It is far from obvious that this is the correct approach.  Efficiency is surely an important value, but it is not the only or even the most important value the rules are designed to serve.  Rule 2 says that the Criminal Rules should be interpreted to provide a just determination of criminal cases, and to secure fairness in administration . . . And so while preserving scarce resources is a laudable and necessary goal, it seems strange that the administrative concerns should weigh quite so heavily in the balance on this issue, and that one presumably innocent may be made to undergo something less than a fully fair trial simply to serve the convenience and efficiency of the judicial system.  Wright, *Federal Practice & Procedure*: Criminal, Volume 1A, 4th § 141 (2008).

WHEREFORE, your Defendant prays that his case be moved to the District of Columbia.

Oscar Raquel Cuellar Macua<br>by counsel

---

[2] The P Street was the undersigned's case who remembers it well.  In his ruling Judge Bryan stated that for the Court to retain the case in Alexandria would constitute an affront to the citizens of Washington, D.C. by suggesting that they were incapable of handling their own affairs.  The Virginia contacts in that case were <u>stronger</u> than the instant case.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon avenue, #221
Springfield, Virginia 22150-2640
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

## Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 7th day of March, 2026, which will send a notification of such filing (NEF) to the following:  to Nicholas J. Patterson, Assistant U.S. Attorney, 2100 Jamieson Avenue, Alexandria, Virginia 22314 and all counsel of record.

_____s_____
Jerome P. Aquino
Va. Bar No. 21656
Attorney for Oscar Cuellar
Law Offices of Jerome P. Aquino
6128 Brandon Avenue, #221
Springfield, Virginia 22150-2640
(703) 451-1111
Fax 703-451-3327
jeromeaquino@vacoxmail.com

4